IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | | |
|---|---|---|
| **PRECISION GAGE** | : | Case No.  3:16-CV-403-TMR-SLO |
| **Plaintiff,** | : | Judge Thomas M. Rose |
| vs. | : | |
| | : | **AGREED PERMANENT INJUNCTION** |
| **GARRY LECHNER, et al.** | : | |
| **Defendants.** | : | |
| | : | |

This matter is before the Court upon the Motion of Plaintiff Precision Gage & Tool Co. ("Precision Gage") for Preliminary Injunction Order against Defendants Garry Lechner ("Lechner"), Advanced Industrial Measurement Systems ("AIMS"), and AIMS-CMI Technology, LLC d/b/a CMI Technology ("CMI") (collectively referred to as "Defendants"). The Parties have agreed to, and the Court, therefore grants, a Permanent Injunction as follows:

1. For a period of 12 months from August 17, 2016 (the "Restricted Period"), Defendant Lechner will not, directly or indirectly, personally or through any other employee, representative or agent, solicit or do business with the following entities for the purpose of providing gaging or tooling for gaging equipment (meaning that provided by, or directly competitive with, the gaging and tooling for gaging manufactured and/or sold by Precision Gage):  Motek; Eaton Corporation; Rane Precision Die Casting, Inc.; FCC; SSI; Ada Technologies, Inc.; Hamilton Sundstrand; Advanced Technology Services; Baldor Electric Company; Ruger Precision Rifle; Green Mountain Rifle Barrel Co.; RMS; or Honda, Inc. entities to include: Honda Transmission, Honda Engine, Celina Aluminum, Team Industries, Honda Canada, Honda Alabama and Honda Georgia ("Restricted Entities").  Additionally Lechner shall

17490833.1

not, directly or indirectly solicit or do business with Madison Precision Products, Inc. Defendants AIMS and CMI agree to refrain from direct or indirect conduct which could cause Defendant Lechner to violate these terms.

2. Lechner, AIMS and CMI are prohibited from using any of, and Lechner expressly represents, under penalty of perjury, that he has not used any of Precision Gage's Confidential, Proprietary and/or Trade Secret (as defined by law) information for the benefit of AIMS, CMI, or any third party; that he will not use any of Precision Gage's Confidential, Proprietary and/or Trade Secret (as defined by law) information for the benefit of AIMS, CMI, or any third party; and that he has not and will not disclose any of Precision Gage's Confidential, Proprietary and/or Trade Secret (as defined by law) information to any employee or representative of AIMS, CMI or any other third party.  AIMS and CMI expressly represent, under penalty of perjury, that they have not received, and that they will not use, any of Precision Gage's Confidential, Proprietary and/or Trade Secret (as defined by law) information.

3. Lechner expressly represents, under penalty of perjury, that he has conducted an exhaustive search for any Precision Gage documents or information in his possession, whether in paper, electronic, or other format, and that he has returned all such materials.  If Lechner subsequently discovers any additional documents or information, he will immediately return it to counsel for Precision Gage.

4. Within 10 days of the date of this Order, Defendants shall produce for forensic examination the following computers:  (1) the personal computer of Lechner; (2) the two computers issued by AIMS and/or CMI to Lechner; and (3) the work computer issued by AIMS and/or CMI to Steve Checanowitz.  The examination shall be conducted by an IT consultant

mutually selected by Plaintiff and Defendants, and shall be conducted for the purposes of: (1) determining whether any of the electronic storage devices used with Lechner's Precision Gage computer or returned by Lechner in connection with this litigation have also been used with his personal computer or the computers issued to him by AIMS and/or CMI, and (2) whether any Precision Gage documents or information have been transferred to any of those computers.  If any such documents or information have been transferred to those computers, any such documents or information will be deleted from them under an agreed protocol.

5.      Defendants shall pay $15,000.00 in attorneys' fees to Plaintiff's counsel, Thompson Hine.  $10,000.00 of that amount shall be paid upon execution of the Settlement Agreement and Release referenced in Paragraph 1 above; the remaining $5,000.00 shall be paid within 60 days of execution.

6.      Except as otherwise outlined in this Order and the Settlement Agreement and Release, if Lechner leaves the employment of AIMS and/or CMI within the Restricted Period, the Agreement between Lechner and Precision Gage, attached as Exhibit A to the Verified Complaint, shall remain in full force and effect.

7.      Precision Gage expressly reserves all rights against Defendants in the event of a violation of this Order, including the right to seek, punitive damages and attorneys' fees.  By agreement to this provision, Defendants in no way waive any rights, claims, defenses, or relief they may have against or recover from Precision Gage for any allegations of breach made by Precision Gage.

4

8. This Court retains jurisdiction over the parties for purposes of the enforcement of this Injunction, and to resolve any disputes under the settlement agreement between the parties. The Injunction shall expire on August 18, 2017.

9. This case shall be dismissed immediately upon the entry of this Agreed Permanent Injunction.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, November 16, 2016.

                                                    s/Thomas M. Rose
                                         _____
                                                    THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE